UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEZHEN LIU, ALSO KNOWN AS JENNIFER LIU,

Plaintiff,

-against-

MARCUS GARVEY VILLAGE; URBAN PATHWAYS; MAYOR ERIC ADAMS' ADMINISTRATION,

Defendants.

25-CV-10135 (LTS)

ORDER DENYING ORDER TO SHOW CAUSE

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this complaint *pro se*, alleging that Defendants are harassing and retaliating against her for filing lawsuits. Plaintiff has filed a declaration, a letter, and a proposed Order to Show Cause ("OSC") in which she seeks to hold Defendants "in contempt of this Court for the continuing unconstitutional acts, retaliatory conduct, and deliberate, flagrant defiance of the authority of this Court, etc." (ECF 4-6.) These submissions bear the docket numbers of six other cases that Plaintiff has filed in this court, and they were also docketed in those cases. *See Liu v. Sullivan*, No. 25-CV-10847 (LTS) (pending); *Liu v. New York Presbyterian Hosp.*, No. 25-CV-10843 (LTS) (pending); *Liu v. SMBC Manubank*, No. 25-CV-10442 (LTS) (S.D.N.Y. Feb. 10, 2026) (dismissed without prejudice); *Liu v. Adams Admin.*, No. 25-CV-5119 (LTS) (S.D.N.Y. Oct. 29, 2025) (same); *Liu v Urban Pathways*, No. 25-CV-5118 (LTS) (S.D.N.Y. Oct. 6, 2025) (same); *Liu v. Marcus Garvey Apartments*, No. 25-CV-5117 (LTS) (S.D.N.Y. Dec. 5, 2025) (same).

In the OSC, Plaintiff alleges that on an unspecified date, she was either threatened with arrest or cited for trespassing in a New York City Human Resources Administration ("HRA") building, because she refused to leave. (ECF 4 at 4.) Plaintiff alleges that this occurred because

HRA is "financially and administratively connected to defendant Marcus Garvey Village." (*Id.*) Plaintiff also discusses a January 18, 2026, incident in a Whole Foods store, during which the New York City Police Department (NYPD) was called. (ECF 5 at 1-2.)

To obtain preliminary injunctive relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. HRA is not a party to this action. Plaintiff's assertions—that HRA employees retaliated against her because of an unspecified and unpled connection between HRA and Marcus Garvey Village, and that the NYPD were called while she was in a Whole Foods store—do not suggest a nexus between those events and the claims giving rise to this action. In other words, Plaintiff seeks emergency injunctive relief in connection with events that appear wholly unrelated to this complaint and involve entirely different individuals. The Court therefore finds that Plaintiff has not carried her burden of persuasion on the issue of entitlement to emergency injunctive relief and denies the request for an order to show cause without prejudice.

## CONCLUSION

Plaintiff's request for an order to show cause is denied without prejudice, and the Clerk of Court is directed to terminate it. (ECF No. 4.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 27, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge